IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


N. JOSEPH CALABAZA,
Petitioner,

v.                                                                                          No. CV 10-1207 JH/WDS

BILLY MASSINGILL, WARDEN
Regional Correctional Center

GEORGE ZOLEY, CHIEF EXECUTIVE OFFICER
GEO Group, Inc

&

PUEBLO OF KEWA
(Formerly known as the Pueblo of Santo Domingo)
&
PATRICIA BROKEN LEG-BRILL
BUREAU OF INDIAN AFFAIRS
INDIAN CORRECTIONS SPECIALIST,

Respondents.


**ORDER TO AMEND CAPTION**

**THIS MATTER** is before the Court sua sponte. Petitioner, through counsel, filed a petition for habeas corpus pursuant to 25 U.S.C. ' 1302-1303. He alleges in the petition that he is an enrolled member of the Pueblo of Kewa, a federally recognized Indian Tribe in New Mexico. Petitioner alleges that tribal officials arrested, prosecuted, sentenced, and incarcerated him in violation of 25 U.S.C. ' 1302-1303. Petitioner was serving the disputed sentence at Regional Correctional Center ("RCC") at the time of the filing of the petition. Petitioner named the following Respondents: Billy Massingill, Warden of RCC; George Zoley, CEO of Geo Group, Inc.; the

Pueblo of Kewa; and Patricia Broken Leg Brill of the Bureau of Indian Affairs.

Warden Massingill was the proper respondent when Petitioner was incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that in cases involving present physical confinement, the proper respondent is the warden of the facility where the prisoner is being held). The Court ordered the amendment of the caption to reflect only Warden Massengill as Respondent. Since filing his Petition, however, Petitioner has been released and is no longer in the present physical custody of Warden Massingill, or of any other person. The proper respondent in such cases is "someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996) (quoting *Reimnitz v State's Attorney of Cook County*, 761 F.2d 405, 408–09 (7th Cir. 1985)).

Warden Massingill does not meet this definition. In this case, Petitioner's remaining claims address the actions of tribal officials who he claims violated various of his constitutional and civil rights in connection with criminal proceedings in Tribal Court.  Though Petitioner's allegations are leveled at the "Indian Tribe," the tribe itself is not a proper respondent. *Poodry*, 85 F.3d at 899 (holding that "[b]ecause a petition for writ of habeas corpus is not properly a suit against the sovereign, the [tribe] is simply not a proper respondent"). Furthermore, whom the Petitioner has named as respondents and served is irrelevant. In a habeas case, the clerk of court is responsible for service and a "respondent is not required to answer the petition unless a judge so orders." 28 U.S.C. § 2254 R. 1(b), 4, 5(a). The "custodian" and proper respondent is the official who has an interest in opposing the Petition and also the power to grant Petitioner what he seeks.

IT IS THEREFORE ORDERED that the Clerk shall substitute "Governor, Pueblo of Kewa or Official, Kewa Pueblo Tribal Court (formerly known as the Pueblo of Santo Domingo)" as the sole named Respondent in place of Billy Massengill, Warden, Regional Correction Center.

W. Daniel Schneider

United States Magistrate Judge